OPINION
{¶ 1} This matter comes for consideration upon the record in the trial court and Appellant's brief. Appellant, Richard Habig, appeals the decision of the Belmont County Court of Common Pleas holding him in contempt for failure to pay spousal support to Appellee, Margaret Habig. Because Richard failed to file a transcript of the proceedings with the trial court, this court has no choice but to affirm the trial court's adoption of the magistrate's decision.
 {¶ 2} Richard Habig and Margaret Habig were divorced on September 18, 1978. A Separation Agreement incorporated into the Decree of Divorce provided that Richard would pay Margaret $40 per week in spousal support. The trial court did not retain jurisdiction over the spousal support order.
 {¶ 3} On September 9, 2005, a magistrate found Richard to be in contempt for failing to comply with the spousal support order. Richard was given a 30 day suspended sentence and was provided the opportunity to purge by paying the weekly amount of $40 and an additional $5 on the arrearage amount. On October 26, 2005, Margaret moved to impose sentence. A hearing was held before a magistrate on January 10, 2006 and sentence was imposed. Richard was again given the chance to purge by paying attorney fees in the amount of $900 and the spousal support arrearage in the amount of $1,442.
 {¶ 4} Richard filed objections to the magistrate's order but did not provide the trial court with either a transcript or an affidavit of the proceedings. The trial court subsequently overruled the objections and adopted the magistrate's report.
 {¶ 5} As his two assignments of error, Richard claims:
 {¶ 6} "The trial court erred when it found payment was possible and impossibility is not an equitable defense to contempt."
 {¶ 7} "The trial court erred when it imposed an impracticable purge which failed to give a real ability to 'hold the keys for release in his own hands.'"
 {¶ 8} These assignments, which are fact based, cannot be properly reviewed by this court, however, as it appears they have been waived by Richard's failure to file a transcript with the trial court when filing his objections to the magistrate's report.
 {¶ 9} Civ.R. 53(E) governs objections to the decision of a magistrate. Objections may be filed within 14 days of the filing of the decision regardless of whether the court has adopted the decision pursuant to Civ.R. 53(E)(4)(c). The objections must be stated with particularity.
 {¶ 10} To afford a meaningful review of the factual determinations of a magistrate, a court must have a transcript of the proceedings or, if a transcript is not available, an affidavit of all of the evidence presented. A party who objects to the decision of a magistrate has the obligation to provide a transcript of the proceedings, or an affidavit if a transcript is not available. Civ.R. 53(E)(3)(c).
 {¶ 11} The failure to provide a transcript waives the right to assign error in the adoption of the magistrate's factual findings by the court. Civ.R. 53(E)(3)(d). Gladden v. Grafton Correctional Inst., (Dec. 6, 2005), 10th Dist. No. 05AP-567; Baddour v. Rehab. Serv. Comm., Franklin App. No. 04AP-1090, 2005-Ohio-5698. Thus, Richard can only appeal questions of law. Grenga v. Ohio Edison Co. (Feb. 17, 2004) 7th Dist. No. 03 MA 41.
 {¶ 12} Here, Richard filed objections to the magistrate's decision, first, claiming that although the trial court no longer had jurisdiction over the spousal support order, it retained jurisdiction to entertain equitable defenses to statutory contempt proceedings. Richard claims that the equitable defense of impossibility should have applied in this case. However, in order for the trial court to have determined that it was impossible for Richard to comply with the trial court's order that he pay back the spousal support arrearage, the trial court would have needed to make a factual determination as to Richard's ability to pay. Because the trial court was not provided with a transcript of the proceedings before the magistrate, Richard cannot now assign as error on appeal the trial court's adoption of the magistrate's factual findings, regardless of the fact that a transcript has since been filed with this court.
 {¶ 13} Second, Richard objected to the excessiveness of the purge order claiming that he is broke and compliance would be impossible given his financial condition. Once again, this objection is based upon a factual finding which was made by the magistrate and then adopted by the trial court. Because there was no transcript provided to the trial court, it cannot now be assigned as error on appeal.
 {¶ 14} Accordingly, Richard's assignments of error are meritless and the judgment of the trial court is affirmed.
Vukovich, J., concurs.
Waite, J., concurs.